UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:15-CR- 80005-1

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DARRYL PETERKINE,

    Defendant.
_____/

### DEFENDANT DARRYL PETERKINE'S SENTENCING MEMORANDUM

COMES NOW, the Defendant, DARRYL PETERKINE, by and through his undersigned counsel, and respectfully submits this Sentencing Memorandum in support of his request for a sentence below the guideline range that will promote the laudable goal of letting the punishment fit the crime by fashioning a reasonable sentence "sufficient, but not greater than necessary" to accomplish the goals of sentencing consistent with the parsimony provision of 18 USC § 3553(a).

### INTRODUCTION

On October 28, 2015, Mr. Peterkine pled guilty to Count 1 and Count 2 of an 11-count Indictment charging him with Conspiracy to Commit Hobbs Acts Robbery in violation of Title 18, United States Code §1951(a) and Count 2 of the Indictment, which charges Mr. Peterkine with Bank Larceny in violation of Title 18, United States Code, §2113(b).

The United States Attorney's Office and the Defense are jointly recommending that the

Court impose a sentence of 188 months, which is within and at the lower end of the advisory guideline range.

In its Pre-sentence Investigation Report, the United States Probation Office made the determination that 188 months is the bottom of the advisory guideline range. We find that the Presentence Investigation Report is acceptable and Mr. Peterkine does not wish to request a hearing on any issues. The parties have agreed, and we respectfully request that the Court impose a sentence of 188 months in prison.

### THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The Sentencing Statute places this consideration first among the listed elements relevant to punishment. 18 USC § 3553(a)(1). Its conjunction of offense and offender reflects this Country's historic belief that a principled system of justice searches for individualized punishment. "This, too, must be remembered," the Supreme Court emphasized years ago: "It has been uniform and constant in the federal judicial tradition for the sentencing Judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996).

The Defendant, DARRYL PETERKINE, was born on January 10, 1977. He has been a resident of Palm Beach County his entire life with the exception of a few periods of incarceration. His father, Broadus Peterkine, age 59, works as a mechanic. His mother, Debra Ann Head, age 54, is a nurse. His parents, who are unmarried, reside separately in Riviera Beach, Florida.

Mr. Peterkine was raised by both parents and grew up under "working poor" socioeconomic conditions. His mother provided financial support to the entire family due to his father's frequent drug use. He recalls being physically abused by his parents. His parents would hit him and his siblings with belts. At one point, his parents were investigated by Florida Department of Children and Families. The investigation was unfounded and Mr. Peterkine continued to reside in the abusive and dysfunctional household with his parents.

Mr. Peterkine has two siblings who live in West Palm Beach, Florida. His sister, Shafray Peterkine, is 34 years old and is employed as a certified nursing assistant. She was charged with Conspiracy to Commit Bank Fraud in 2005 (Case No.: 00-8048-cr-Middlebrooks). His brother, Brotus Peterkine, Jr., is 15 years old and is a student.

Mr. Peterkine has six paternal siblings. His oldest brother, Korodis Peterkine, age 31, died last year due to complications from HIV. Sisters, Latoya Taylor, age 40, and Tameka Peterkine, age 37, are both registered nurses in West Palm Beach, Florida. His sister, Patoria Peterkine, age 32, and brother, Lavarus Peterkine, age 32, both reside in Deltona, Florida, where Lazarus is employed as a mechanic. Broadus Peterkine, age 28, is currently serving a period of incarceration in state prison. Mr. Peterkine has one maternal half sibling. His half brother, Alan Asbury, age 40, lives in Colorado and is employed as a manager at a pizzeria.

Mr. Peterkine, who has been married twice, has produced four children. His three year relationship with Artesia Jackson yielded two sons, Darrell Peterkine, Jr., who is 17 years old, and Dyterious Peterkine, who is 14. The boys live with their mother in Killeen, Texas, where she works as a nurse. Mr. Peterkine looks forward to the summer breaks from school and the

holidays where he is able to spend time with his boys.

Mr. Peterkine has a 16 year old daughter named Delicia Peterkine, who lives with Mr. Peterkine's mother, Debra Ann Head, in Riviera Beach. Delicia's mother, Tacoma Walker, lives in Dallas, Texas, where she is unemployed. Mr. Peterkine and his daughter have a close relationship. Prior to his incarceration, Mr. Peterkine considered himself an attentive father, seeing Delicia on a weekly basis.

On April 29, 2005, Mr. Peterkine married Kendra Way. The couple divorced in 2010. Ms. Way passed away later in 2010 from diabetic complications.

Since 2009, Mr. Peterkine has been in a relationship with Shauntee Hollis. Peterkine and Hollis were married on October 29, 2012 in Palm Beach County. Ms. Hollis and Mr. Peterkine have a two year old little girl named Sha'Daria Peterkine. Ms. Hollis has a total of six (6) children, three (3) of whom reside with her in Riviera Beach, Florida. The eldest three children live with their grandparents. The families' home is too small for all six children to reside together comfortably. Ms. Hollis is a stay-at-home mother to her small children.

Ms. Hollis is also listed as a codefendant in the instant case. She is charged with Conspiracy to Launder Money, Count 9 of the Indictment. Ms. Hollis is set to be sentenced on February 23, 2016.

Throughout his schooling in Palm Beach County, Mr. Peterkine was placed in special education classes. Mr. Peterkine has a slight learning disability which causes him to comprehend at a slower pace. Mr. Peterkine dropped out of high school in ninth grade. Socioeconomic factors, "street-life", and his inability to learn at a standard pace lead to his decision.

In 2009, Mr. Peterkine was diagnosed with Bipolar Disorder. He was prescribed numerous medications for his mental health disorder. Due to adverse effects the medications had on him, Mr. Peterkine stopped taking them in the early portion of 2015.

In his early twenties', Mr. Peterkine experimented with marijuana. As a special condition of his probation, an 2009 evaluation at the South Florida Clinical Treatment Center diagnosed Mr. Peterkine with cannabis abuse. Progress was made through bi-weekly treatment sessions. While on probation, Mr. Peterkine was arrested on new charges and unable to complete his substance abuse treatment. He was able to successfully complete a substance abuse treatment program in 2011. Mr. Peterkine terminated his use of illegal drugs. As urinalysis testing throughout his term of probation would show, he remained drug-free from 2009 to 2012. Mr. Peterkine has no desire to use drugs or drink alcohol in excess. Mr. Peterkine considers himself a "social-drinker", indulging in an alcoholic beverage only on special occasions.

Prior to being placed in custody on April 5, 2013, Mr. Peterkine was unemployed, but did receive his monthly Social Security Disability check. Prior to the diagnosis of his mental illness, Mr. Peterkine worked as a car detailer. All of his business was generated through word of mouth referrals.

Mr. Peterkine admits that he, along with codefendants Hjalmar Towns and Sircorey Wilder, conspired to commit an armed robbery of the Garda facility in Riviera Beach, Florida between August and September of 2012. Towns, who was employed by Garda, introduced the idea and provided Mr. Peterkine key information necessary to commit the scheme, stealing millions of dollars from the facility, and dividing the profits amongst themselves. Mr. Peterkine

cooperated with the FBI almost immediately upon being contacted by the Agency. His cooperation continued as his case was pending.

## **CONCLUSION**

The parties would agree that a sentence of 188 months in prison is sufficient, but not greater than necessary given the totality of the circumstances. Mr. Peterkine's immediate and substantial cooperation with authorities assisted officials in the conviction of Mr. Towns, who clearly was the mastermind behind the scheme. Mr. Peterkine has taken full responsibility for his crimes and actions (see PSI p. 4).

WHEREFORE, the Defendant, Darryl Peterkine, respectfully requests that this Honorable Court honor the parties joint recommendation and impose a sentence of 188 months. Respectfully submitted on this 6th day of January, 2016.

Respectfully submitted,

By: S\Brian H. Mallonee
Brian H. Mallonee, Esquire
Florida Bar No.: 160148
130 S. Indian River Drive, Suite 302
Fort Pierce, FL 34950
(772) 464-1991
fpclaw@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of January, 2016, I electronically filed the foregoing document with the Clerk of Court and forwarded a copy of the foregoing document to all counsel of record using CM/ECF.

By: S\Brian H. Mallonee
Brian H. Mallonee, Esquire
Florida Bar No.: 160148
130 S. Indian River Drive, Suite 302
Fort Pierce, FL 34950
(772) 464-1991
fpclaw@aol.com