UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-80005-Cr-Rosenberg/Hopkins

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DARRYL PETERKINE,

        Defendant.
_____/

**GOVERNMENT'S REPSONSE TO DEFENDANT'S**
**SENTENCING MEMORANDUM**

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits its Response to the Defendant's Objections to the Presentence Investigation Report (DE) and Sentencing Memorandum, and in support thereof, states the following:

1.    On October 28, 2015, Darryl Peterkine (hereinafter "the defendant") pleaded guilty to Counts 1 and 2 of the instant Indictment, which charged him with Conspiracy to Commit Hobbs Act Robbery in violation of Title 18, United States Code, Section 1951(a) and Bank Theft in violation of Title 18, United States Code, Section 2113(b).  Pursuant to a Plea Agreement executed by the parties, the government agreed to move to dismiss the remaining charges against the defendant after sentencing.

2.    The current charges stem from a theft of $3,024,384 from the Garda Cash Logistics facility in Riviera Beach, Florida on September 15, 2012.  After co-defendant and Garda employee

Hjalmar Towns sent a truck out on a service job, Towns called his sister to tell the defendant that Towns was alone in the facility and that the time was right to do the "robbery" with co-defendant, Sircorey Wilder. Towns had previously told his co-defendants that Garda would soon be moving their operations to a more secure facility; however, should they attempt to rob with old facility with force, none of the Garda employees would be willing to risk their lives if faced with armed robbers. The September 15, 2012 theft occurred after several previous attempted robberies in which the defendant, Wilder, and at times, another co-conspirator, Michael Sheffield, conducted surveillance on the Garda facility dressed in masks, gloves and carrying weapons. The disguises were supplied by the defendant. These attempted robberies were never carried out because the defendant and Wilder felt the conditions weren't right, meaning that there was too much traffic on the street, or it would be too difficult to strong arm the employees returning to the facility in armored trucks. Towns told the defendant to wait until Towns could be in the facility alone. Towns was alone in the facility on the evening of September 15, 2012.

3. During the bank theft, the defendant and Towns can be seen on video surveillance going to the office area of the Garda warehouse. Towns told law enforcement agents investigating the September 15th "robbery" that the robbers wanted to destroy the surveillance tapes, but that he (Towns) didn't know where they were. Unbeknownst to Towns, Garda had switched surveillance equipment to one that did not record to VHS tapes; therefore, the co-conspirators' actions were captured on various security cameras. The defendant and Towns went through the motions of making the event look like a robbery, with the defendant taking Towns' service weapon and cellular telephone. The defendant bound Towns' arms and legs before leaving the facility with over $3 million in cash, after Towns failed to lock the safes and surrounding chain link fence where the cash was being stored.

2

4.      The defendant, Wilder and Towns successfully stole almost $3 million that night.  The defendant arranged for him, Wilder and two others to take the stolen money to the apartment of the defendant's girlfriend, where the men counted the money and hid it in the attic of the apartment for later retrieval.  From September 2012 until the defendant's arrest in April 2013 on HUD fraud charges, the defendant and his wife spent cash on items such as jewelry, cars, furniture, clothes, and toys and motorcycles for their children.

5.      The Defendant claims that he "cooperated with the FBI almost immediately upon being contacted by the Agency."  DE 122 at 6.  This is incorrect.  The defendant was first contacted by the FBI in April 2013 when they attempted to interview him about the Garda robbery after his arrest on HUD fraud charges.  The defendant denied any involvement and refused to speak with agents any further.   It was only after the defendant was indicted in this matter in January 2015 that he reached out to the FBI and agreed to be interviewed.  During this interview, which was video and audio recorded, the defendant waived his right to the presence of an attorney and proceeded to confess to his participation in the Garda theft in September 2012.

6.      Contrary to the defendant's assertions, he did not provide substantial assistance and he did not assist authorities in the conviction of Mr. Towns.  Indeed, Mr. Towns was the first defendant to plead guilty in this case, and that plea occurred well before plea negotiations with the defendant began in earnest.  While the defendant characterizes Towns as the "mastermind behind the scheme," the defendant also was responsible for organizing the "robbers" and getting their disguises, getaway vehicle, safe houses and weapons in order.  The defendant also orchestrated the distribution of the theft proceeds and possibly retained a lion's share of the stolen funds by keeping most of Town's $1 million share. As the Court may recall, Towns claims that he received only $300,000 of his million dollar share from Peterkine and that Peterkine kept

3

$1.7 million.    Most of this money has never been recovered.

**Conclusion**

WHEREFORE, for the reasons stated herein, the government asks this Court to sentence the defendant to a term of 188 months imprisonment.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY


By:   s/Aurora Fagan
AURORA FAGAN
ASSISTANT U.S. ATTORNEY
FL BAR # 0188591
500 S. Australian Avenue, Ste 400
West Palm Beach, FL 33401
O- 561-820-8711

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 14, 2016, a true copy of the foregoing was filed with the Court and defense counsel via the CMECF system.

                                              ___s/Aurora Fagan_____
                                              AURORA FAGAN
                                              ASSISTANT UNITED STATES ATTORNEY