IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA(WPB-DIV.)

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                    CASE NO.: 9:15-cr-80005-RLR

DARRYL PETERKINE,

        Defendant/Petitioner.

_____/

<u>MOTION FOR RECONSIDERATION</u>
<u>OF THE DENIAL OF DEFENDANT'S</u>
<u>RULE 60(b)MOTION PREDICATED</u>
<u>ON FRAUD ON THE COURT</u>

COMES NOW the defendant, <u>Darryl Peterkine</u>, pro se who respectfully moves this Honorable

Court Pursuant to a **MOTION FOR RECONSIDERATION** in the above style captioned cause via

**Federal Rules of Civil Procedure 59(e)** and thus the foregoing grounds will show:

<u>ISSUE INVOLVED:</u>



THE TRIAL COURT COMMITED PREJUDICAL
CONSTITUTIONAL ERROR UNDER THE FIFTH
AMENDMENT EQUAL PROTECTION AND DUE
PROCESS OF LAW UNDER THE U.S.C.A.
THUS WHEN IT FAILED TO ACKNOWLEDGE
THAT DEFENDANT COULD PROCEED WITH
A RULE 60(b) MOTION IN REGARDS TO
CORRECTING HIS ILLEGAL SENTENCE BY
PROCEEDING UNDER BOTH RULES 60(a)
CORRECTION OF CLERICAL MISTAKES AND/
OR RULE 60(b)(d) (3) FRAUD UPON THE
COURT AS HE HAD DONE IN HIS INITIAL
RULE 60(b) MOTION FILED HEREIN.

1) Hence, on March 26, 2021 defendant proceeded in filing an **EMERGENCY RULE 60(b) MOTION** seeking relief from the five level (5) increase enhancement of his sentence for Hobbs Act Conspiracy to commit robbery with the possession of a firearm used to rob with under U.S.C. Title 18, §924(c). Although said defendant was never indicted and convicted of of said alleged **924(c)** firearm offense by the government. Therefore,said defendant proceeded under **Rule 60(a) Clerical mistakes and Rule 60(b)(d)(3) Fraud Upon the Court.**

2) Thus, on the same day of March 26, 2021 the Court issued an order giving the government, till **April 9, 2021** to file their **answer** thereto defendant's **Rule 60(b) motion.**

3) Subsequently, on April 8, 2021 the government proceeded in filing their **answer** to defendant's **Rule 60(b) motion** thus, stating, inter alia, "the defendant cannot proceed under **Civil Rule 60(b)."**

4) Therefore, on April 15, 2021 this Honorable Court proceeded in denying defendant's **Rule 60(b) motion,**chiefly, on the grounds that he could not proceed under **Civil Rule 60(b)**because of his case being a **criminal case** and not **civil.**

5) Accordingly, defendant is proceeding in his **Rule 60(b)** motion under **Rule 60(a)** and **Rule 60(b)(d)(3).**

6) Thus, since the government has conceded to the fact that the **924(c)** information that was used in defendant's **Presentence Report(PSI)**was done by the federal PSI Officer deliberatelly and intentionally. **Please see PSI Report Page#13, line 45.** Therefore, it is defendant's contention that it was **fraud Upon the Court** committed against him by an agent of the federal government because he can not be increased in his sentence **five (5) full levels** without first being actually indicted and/or convicted of the **924(c)** offense accordingly.

7) For further support herein, thus, defendant will now cite the controlling **U.S. Eleventh Circuit Court of Appeals** case of <u>Gonzalez, et al., v. Secy. Dept. of Corrs., James Crosby, et al.,</u> 366 F. 3d 1253 (11th Cir. 2004). <u>Please see attached Excerpt Copy thereof.</u>

**<u>FINAL NOTE:</u>** Please note that on April 16, 2021 defendant did proceeded in filing his EMERGENCY MOTION FOR JUDICIAL NOTICE IN LIEN OF A REPLY TO THE GOVERNMENT'S ANSWER TO HIS RULE 60(b)MOT- ION, but the Court proceeded on April 15, 2021 in issuing its ORDER OF DENIAL(one day prior to the filing of defendant's REPLY. <u>Please See defendant's Reply filed herein on April 16, 2021.</u> D.P.

## C O N C L U S I O N

**WHEREFORE,** based on the foregoing grounds, facts and applicable supporting attached case authority, thus, defendant will heretofore pray and request that this Honorable United States District Court issue an **ORDER Granting** this his **MOTION FOR RECONSIDERATION and REMAND THIS CAUSE FOR A CORRECTION OF THE FRAUDULENTLY IMPOSED FIVE(5)LEVEL INCREASE of HIS SENTENCE** cited theredin his **PSI Report on Page 13, line#45** by striking the same therefrom and reduce defendant's sentence of 188 and 120 month that's running concurrently and with all other relief that he the defendant may be entitled to accordingly!

**SO PRAYED!**

Date: **April 23, 2021**

Respectfully Submitted,

*Darryl Peterkine*
DARRYL PETERKINE, No. 53767-004
FCC Coleman Low
Federal Correctional Complex
P.O. Box 1031
Coleman, FL 33521

CC: **MS. AURORA FAGAN, ESQ.**
**ASSISTANT UNITED STATES ATTORNEY**
**500 S. Australian Avenue, Suite 400**
**West Palm Beach, FL 33401**                    (2)

AURELIO O. GONZALEZ, Petitioner-Appellant, versus SECRETARY FOR THE DEPARTMENT OF CORRECTIONS, James Crosby, Secretary, Respondent-Appellee. EMIL LAZO, Petitioner-Appellant, versus UNITED STATES OF AMERICA, Respondent-Appellee. STEPHEN A. MOBLEY, Petitioner-Appellant, versus DERRICK SCHOFIELD, Warden, Georgia Diagnostic and Classification Center, Respondent-Appellee.
UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
366 F.3d 1253; 2004 U.S. App. LEXIS 8143; 17 Fla. L. Weekly Fed. C 465
No. 02-12054, No. 02-12483, No. 02-14224
April 26, 2004, Decided
April 26, 2004, Filed

## Editorial Information: Subsequent History

US Supreme Court certiorari granted by, in part, Motion granted by Gonzalez v. Crosby, 160 L. Ed. 2d 896, 125 S. Ct. 961, 2005 U.S. LEXIS 634 (U.S., 2005)US Supreme Court certiorari denied by Mobley v. Schofield, 160 L. Ed. 2d 902, 125 S. Ct. 965, 2005 U.S. LEXIS 674 (U.S., 2005) Affirmed by Gonzalez v. Crosby, 2005 U.S. LEXIS 5014 (U.S., June 23, 2005)

## Editorial Information: Prior History

{2004 U.S. App. LEXIS 1} Appeals from the United States District Court for the Southern District of Florida. D.C. Docket No. 97-01935-CV-UUB. Nos. 96-08752 CR-WJZ & 90-08 08 CR-WJZ. Appeal from the United States District Court for the Northern District of Georgia. D.C. Docket No. 99-00023 CV. Gonzalez v. Sec'y for the Dep't of Corr., 326 F.3d 1175, 2003 U.S. App. LEXIS 6417 (11th Cir. Fla., 2003)

## Disposition:

Court's denial of Mobley's Rule 60(b) motion affirmed, his motion to recall mandate denied, and stay of execution vacated.Lazo's application for a certificate {2004 U.S. App. LEXIS 2} of appealability denied. Gonzalez's application for a certificate of appealability granted, but district court's denial of his Rule 60(b) motion affirmed.

## Counsel

For Gonzalez, Aurelio O., Appellant: Rashkind, Paul M. (Federal Public Defender), Assistant Federal Public Defender, Miami, FL. Williams, Kathleen M. (Federal Public Defender), Miami, FL.

For Lazo, Emil, Appellant: Hirsch, Alan (Appointed by Appeals Court), Attorney at Law, Miami, FL. Markus, David O. (Appointed by Appeals Court), Miami, FL.

For Mobley, Stephen A., Appellant: Mendel, Brian, The Steel Law Firm, P.C., Atlanta, GA. Siemon, August F., Atlanta, GA.

For Crosby, James, Appellee: Dobbs, Cassandra Kaye, The Capitol, Tallahassee, FL. Taylor, Paulette R., Office of the Attorney General, Miami, FL.

For United States of America, Appellee: Rosenthal, Lynn Dena, U.S. Attorney's Office, Fort Lauderdale, FL. Schultz, Anne R., Bowen, Dawn, Rubio, Lisa T., Miami, FL.

For Schofield, Derrick, Appellee: Burton, Beth Attaway, State of Georgia Law Department, Atlanta, GA.

Judges: Before EDMONDSON, Chief Judge, TJOFLAT, ANDERSON, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS and WILSON, * Circuit Judges. EDMONDSON, Chief Judge,

B05_11CS                                                        1

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12216018

specially concurring in part and dissenting in part. TJOFLAT, Circuit Judge, specially concurring in part and dissenting in part. BARKETT, Circuit Judge, specially concurring in part and dissenting in part, in which WILSON, Circuit Judge, joins.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** The court considered, en banc, appeals in three cases, two from the United States District Court for the Southern District of Florida, and one from the United States District Court for the Northern District of Georgia, to answer common questions that had arisen about the use of Fed. R. Civ. P. 60(b) motions to obtain relief from judgments that denied 28 U.S.C.S. § 2254 or 2255 relief. The general rule was that motions for relief from judgment in federal habeas cases should be denied unless they were filed to correct a clerical mistake or to remedy a fraud upon the court. Petitioners' motions did not fall within these exceptions.

**OVERVIEW:** In addressing the common questions raised in these cases, the court reached two conclusions: (1) the certificate of appealability (COA) requirement applied not only to all final judgments denying 28 U.S.C.S. §§ 2254 or 2255 relief, but also to all final judgments denying Fed. R. Civ. P. 60(b) relief from those earlier final judgments; and (2) a Rule 60(b) motion seeking relief from the judgment in a 28 U.S.C.S. §§ 2254 or 2255 case should be denied by the district court, unless it was filed to correct a clerical mistake or was filed pursuant to Fed. R. Civ. P. 60(b)(3) to remedy misconduct of the government perpetrated on the federal court. Applying these rules, the court held that COAs should issue in two cases because those petitioners made a substantial showing of the denial of a constitutional right and a substantial showing that the procedural ruling, which resulted in the dismissal of their habeas petitions, was wrong. However, in both cases, the district courts did not abuse their discretion in denying petitioners Fed. R. Civ. P. 60(b) relief, as neither case came within either exception to the rule that such relief generally should be denied.

**OUTCOME:** The ruling of no appeal from the denial of a Rule 60(b) motion was affirmed. The Georgia petitioner's motion to recall the mandate was denied, the stay of execution on his behalf was vacated, and any other applications or motions he had filed were denied. The petitioner's application for a COA was denied. The other Florida petitioner's application was granted, but the denial of his Rule 60(b) motion was affirmed.

B05_11CS                                        2

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12216018

Darryl Peterkine, No. 53767-004
FCC Coleman Low
Federal Correctional Complex
P.O. Box 1031
Coleman, FL 33521

Tampa/St. Pete FL 336
FRI 23 APR 2021  PM

LEGAL MAIL

TO: CLERK, UNITED ST
Southern Distr
701 Clematis
Room # 402
West Palm