UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cr-80005-RLR

UNITED STATES OF AMERICA,

vs.

DARRYL PETERKINE,

       Defendant,

_____/

**GOVERNMENT'S CONSOLDIATED REPSONSE TO DEFENDANT'S *PRO SE* MOTION TO SET ASIDE JUDGMENT PURSUANT TO FED. R. CIV. PRO. 60(d) AND MOTION FOR RECONSIDERATION (DE 205 AND 206)**

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits its Consolidated Response to the Defendant's Pro Se Motion to Set Aside Judgment (DE 205) and Motion for Reconsideration (DE 206), and in support thereof, states the following:

1.     On March 26, 2021, Darryl Peterkine (hereinafter "Defendant"), filed a *pro se* Motion seeking a Federal Rule Civil Procedure 60 Correction of Clerical Error.  DE 198. This Court ordered the Government to respond by April 9, 2021.  DE 199. The Government filed its Response on April 8, 2021.  DE 203.  This Court denied Defendant's Motion on April 15, 2021. DE 204.

2.     Thereafter, on April 16, 2021, Defendant an "Emergency Motion for Judicial Notice re [DE] 198 Motion to Reduce Sentence". DE 205. Ten days later, Defendant filed a Motion for Reconsideration of the Court's Denial of his Rule 60(b) Motion.  DE 206. In both Motions,

1

Defendant repeats his claims that in calculating his guideline level at sentencing, the Court erroneously added a five-level enhancement under U.S.S.G. §2B3.1(b)(2)(C) for brandishing or possessing a firearm during the offense of conviction. Defendant claims that because he was not convicted or charged with a §924(c) offense, that this enhancement is erroneous. Once again, he is incorrect.

3.   Defendant pleaded guilty to Counts 1 and 2 of the Indictment, which charged him with Conspiracy to Commit Hobbs Act Robbery in violation of Title 18, United States Code, Section 1951(a) and Bank Theft in violation of Title 18, United States Code, Section 2113(b). Pursuant to a Plea Agreement executed by the parties, the government agreed to move to dismiss the remaining charges against the defendant after sentencing. DE 102, Plea Agreement. On January 15, 2016, Defendant was sentenced to 188 months' incarceration on Count 1, to run concurrently with 120 months' imposed on Count 2. DE 136, Judgment. This sentence was imposed on convictions which stem from a theft of $3,024,384 from the Garda Cash Logistics facility in Riviera Beach, Florida on September 15, 2012.

4.   In his Motion for Reconsideration, Defendant again asks this Court to correct a "clerical mistake" in the sentencing judgment under Fed.R.Civ.P. 60(a) (DE 198). He alternatively seeks to correct his perceived injury under Fed. R. Civ. Pro. 60(d)(3). DE 205. There is nothing in the Plea Agreement that prevents the Court from imposing the U.S.S.G. §2B3.1(b)(2)(C) five level enhancement for possession of a firearm during the offense; in fact, the Plea Agreement specifically supports such an enhancement. DE 102. The fact that Defendant wasn't charged with a §924(c) offense and sentenced to a statutory mandatory minimum sentence is immaterial.

5.   Neither of these motions state any fact or law to change the guiding principle that the

2

Federal Rules of Civil Procedure do not apply to criminal cases. *See United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir.2003) (stating that "the Federal Rules of Civil Procedure unambiguously limited their application to *civil* cases") (citation omitted) (emphasis in original). Consequently, the use of Rule 60 to correct Defendant's sentence is not permitted. *United States v. Boswell*, 2011 WL 744253, at *2 (M.D. Ga. Feb. 23, 2011), aff'd, 476 F. App'x 222 (11th Cir. 2012).

6.  Defendant has presented no new evidence or applicable case law to persuade this Court that its initial ruling is incorrect or needs to be reconsidered. As this Court stated:

> "[T]he Federal Rules of Civil Procedure do not apply to criminal cases. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (stating that "the Federal Rules of Civil Procedure unambiguously limited their application to civil cases"). Additionally, any challenges Defendant has to his guideline calculation should have been raised upon direct appeal. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding" (quotation marks omitted)). DE 204.

7.  Therefore, both Motions should be denied.

## Conclusion

WHEREFORE, for the reasons stated herein, the Government asks this Court to DENY Defendant's Motions.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By:   *s/Aurora Fagan*
AURORA FAGAN
ASSISTANT U.S. ATTORNEY
FL BAR # 0188591
500 S. Australian Avenue, Ste 400
West Palm Beach, FL 33401
O- 561-820-8711

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 30, 2021, a true copy of the foregoing was filed with the Court via the CMECF system and was mailed to Defendant, who is acting *pro se,* at:

Darryl Peterkine
Reg No 53767-004
FCI Coleman Low
Coleman, FL 33521

            *s/Aurora Fagan*
            AURORA FAGAN
            ASSISTANT UNITED STATES ATTORNEY